**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12cv445**

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EVER SAMUEL GUEVARA, | ) | |
| Individually and d/b/a EL SALVADOR | ) | |
| RESTAURANT, and GUEVARA | ) | |
| ALFARO, INC., a business entity d/b/a | ) | |
| EL SALVADOR RESTAURANT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon the Plaintiff's First Amended Motion for Default

Judgment against Defendants Ever Samuel Guevara, individually and d/b/a El Salvador

Restaurant; and Guevara Alfaro, Inc., a business entity d/b/a El Salvador Restaurant, pursuant to

Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Doc. No. 10] Default was entered

against Defendants on July 3, 2013.

**FACTUAL BACKGROUND**

Plaintiff is a closed-circuit distributor of sports and entertainment programming. Plaintiff

purchased the exclusive nationwide commercial distribution rights to *"Fight of the Year: The*

*Rematch!": Juan Manuel Marquez v. Juan Diaz, Championship Fight Program* (the "Program"),

which was broadcast on July 31, 2010. Plaintiff entered into sublicensing agreements with

various commercial entities, such as bars and restaurants, by which it granted limited public

exhibition rights for the benefit and entertainment of their patrons. The interstate transmission of

Plaintiff's Program was encrypted and made available only to Plaintiff's customers. Plaintiff did

not license the Defendant to use the Program.  Plaintiff alleges in its Complaint that Defendants

unlawfully intercepted and intentionally broadcast the Program in their establishment, El

Salvador Restaurant, for the purpose of direct or indirect commercial advantage, thereby

violating Section 605 of the Federal Communications Act of 1934, as amended, and Title 47

U.S.C. § 553 and accompanying telecommunications statutes.  Plaintiff's Complaint also

includes a pendant common-law cause of action of Conversion.  Plaintiff seeks $110,000 in

statutory and enhanced damages, $2,800.00 in conversion damages, attorneys' fees, and costs.

**DEFAULT JUDGMENT STANDARD**

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil

Procedure which provides in relevant part that "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Upon

entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of

fact contained in the complaint.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th

Cir. 2001); *see also* FED. R. CIV. P. 8(b)(6) ("An allegation…other than one relating to the

amount of damages…is admitted if a responsive pleading is required and the allegation is not

denied.").  Thus, for a default judgment, well-pleaded factual allegations are sufficient to

establish a defendant's liability.  Fed. R. Civ. P. 55(a).  However, the court cannot accept as true

factual allegations of damages and must therefore make an independent determination regarding

damages.  *Joe Hand Promotions, Inc. v. Coaches Sports Bar et al.*, 2011 WL4381048, at *1

(E.D.N.C. Sept. 19, 2011).  The court may rely on affidavits or documentary evidence in the

record to determine the appropriate sum for damages.  *See EEOC v. CDG Mgmt.. LLC*, No.

RBD-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); *EEOC v. North Am. Land Corp.*, No. 1:08CV501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

**DISCUSSION**

In its motion for default judgment, Plaintiff seeks $2800.00 in conversion damages, $110,000.00 in statutory and enhanced damages, as well as costs and recovery of its attorneys' fees. However, Plaintiff may not recover under both Sections 553 and 605. *Integrated Sports Media, Inc. v. Buruca Brother's Va., Inc.*, No. 1:1-cv-839, 2011 WL 5873078, at *5 (E.D.V.A. Nov. 1, 2011) (citing *Kingvision Pay-Per-View, Ltd. v.Gutierrez*, 544 F. Supp. 2d 1179, 1184 (D. Co. 2008); *Time Warner Cable of New York City v. Sanchez*, No. 02 Civ.5855, 2003 WL 21744089, at *3 (S.D.N.Y. July 8, 2003)). When plaintiffs seek damages under both statutes, courts evaluate the claims under Section 605 because it provides for a higher potential recovery. *Buruca Brother's*, 2011 WL 5873078, at *5; *see also* 47 U.S.C. §§ 553(3)(B) & 605(e)(3)(C)(ii). Furthermore, Plaintiff may not recover conversion damages in addition to actual or statutory damages under Section 605. *See Joe Hand Promotions, Inc. v. Dock Street Enters., Inc.*, No. 11-1973, 2011 WL 6141058, at *5 n.5 (D.M.d. Dec. 8, 2011). Therefore, Plaintiff's potential recovery is capped at $110,000.00 in statutory and enhanced damages, plus attorneys' fees and costs.

> As a "person aggrieved" by a violation of Section 605, plaintiff may be granted injunctive relief and/or damages, and must be granted reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(i)-(iii). The court may award either actual damages suffered as a result of a violation of Section 605, as well as any profits attributable to the violation, or statutory damages of not less than $1,000.00 and not more than $10,000.00. 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II)…

*Buruca Brother's*, 2011 WL 5873078, at *5.

When calculating statutory damages courts have employed two general approaches: basing the damages calculation on the number of patrons in an establishment during the

unauthorized broadcast or utilizing a flat damage amount. *Buruca Brother's*, 2011 WL 5873078, at *5. A flat damage amount is appropriate where, as here, there is no per-person rate for the program. *See Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, No. 3:06-cv-73, 2007 WL 3226451, at *5 (W.D.N.C. Oct. 29, 2007). In calculating a flat damage amount, the court takes into account factors such as whether the defendants are repeat violators, whether they substantially gained from their piracy, and significant actual damages the plaintiff has suffered. *Id.* Courts have recognized the importance of awarding a plaintiff sufficient damages to ensure true deterrence, "[a]t a minimum, it should not cost less to violate the statute than to comply with it." *EMI April Music, Inc. v. Rodriguez*, 691 F.Supp.2d 632, 636 (M.D.N.C. 2010) (citing *EMI April Music*, *Inc. v. White*, 618 F.Supp.2d 497, 508 (E.D.Va 2009)). Statutory damages may be awarded up to $10,000.00 for each violation. 47 U.S.C. § 605(e)(3)(c)(ii).

At the time Plaintiff's investigator visited, there were approximately 22 people in the establishment. Defendant clearly gained from his piracy, though the exact amount cannot be established due to Defendant's failure to respond. However, some speculation is permitted when Defendant's failure to respond has thwarted the process by which a more accurate computation of damages could be achieved. *Joe Hand Promotions, Inc. v. Coaches Sports Bar*, 2011 WL 4381048, at *2 (E.D.N.C. Sept. 19, 2011). Aside from costs and attorneys' fees, Plaintiff's actual damages claims are the $1,200.00 Program fee Plaintiff charged establishments of Defendant's size and an undenominated amount that Plaintiff expended on an investigation. Plaintiff has sufficiently shown that it is entitled to $1,200.00 in actual damages.

In addition to statutory damages, if the court determines that the violations were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may award enhanced damages of up to $100,000.00 for each violation

under §605(e)(3)(c)(ii).  *Integrated Sports Media, Inc. v. Buruca Brother's Va., Inc.*, No. 1:11-cv-839, 2011 WL 5873078, at *6 (E.D.V.A. Nov. 1, 2011).  The primary purpose behind this provision is to deter future violations.  *See J&J Sports Prods., Inc. v. Las Chivas*, No. 5:10-cv-187, 2012 WL 71819, at *3 (W.D.N.C. Jan. 10, 2012).  The level of damages awarded should be sufficiently substantial to ensure the statute's purpose is fulfilled.  *EMI April Music, Inc. v. Rodriguez*, 691 F.Supp.2d 632, 636 (M.D.N.C. 2010) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).  In determining the amount of appropriate damages, the Fourth Circuit has looked to the following "Nalley" factors: the severity of the violation, the degree of harm to the plaintiff, the relative financial burdens of the parties, and the purpose to be served by imposing statutory damages.  *J&J Sports Prods., Inc. v. Olmos*, No. 5:08-cv-33, 2010 WL 625283, at *2 (W.D.N.C. Feb. 19, 2010) (citing *DirecTV, Inc. v. Rawlins*, 523 F.3d 318, 330 n.8 (4th Cir. 2008); *Nalley v. Nalley*, 53 F.3d 649, 652 (4th Cir. 1995)).

Plaintiff sufficiently established the violation was committed "willfully and for the purposes of direct or indirect commercial advantage" and thus enhanced damages are appropriate.  After a careful analysis of the *Nalley* factors, the Court finds that an additional $5,000.00 in enhanced damages is appropriate for a total of $6,200.  *See Las Chivas*, 2012 WL 71819, at *3 (awarding $5,000.00 in enhanced statutory damages where it was the defendants' second violation); *J & J Sports Productions, Inc. v. Olmos*, 2010 WL 625283 (W.D.N.C. Feb. 19, 2010) (awarding $5,000.00 in statutory damages where the establishment had ten to twelve patrons and subject programming was not displayed until the investigator affirmatively asked to see it); *Angry Ales*, 2007 WL 3226451, at *5 (awarding $1,000.00 in statutory damages where the bar had only one patron present and the investigator had to specifically request the encrypted program).

Plaintiff is also entitled to the attorneys' fees and costs of this action.  *See* 47 U.S.C. § 605(e)(3)(A)(iii); Fed. R. Civ. P. 54(d)(1).  Plaintiff has submitted the affidavit of attorney Jeremy Todd Browner representing that Plaintiff's costs and attorney's fees in connection with this litigation is $1,012.50.

**IT IS THEREFORE ORDERED** that Plaintiff's First Amended Motion for Default Judgment [Doc. No. 10]  is **GRANTED**; and Judgment is hereby entered against Defendants Ever Samuel Guevara, individually and d/b/a El Salvador Restaurant; and Guevara Alfaro, Inc., a business entity d/b/a El Salvador Restaurant in the amount of $6,200.00, plus an additional $1,012.50 in attorneys' fees and costs.

**SO ORDERED.**

Signed: September 4, 2013

Graham C. Mullen
United States District Judge